## In re NORTON.

No. 6585. Decided March 21, 1944. (146 P. 2d 899.)

See 7 C J. S. Attorney and Client, sec. 38. Evidence necessary to justify disbarment or suspension of attorney, note, 105 A. L. R. 984; See also 5 Am. Jur. 439.

Rehearing denied June 13, 1944.

*L. O. Thomas,* of Salt Lake City, for Utah State Bar.

*C. E. Norton,* of Salt Lake City, in pro. per.

WADE, Justice.

C. E. Norton, a duly admitted practicing lawyer of this state, was, on October 29, 1942, after a trial thereon, found guilty of unprofessional conduct by a disciplinary committee of the Utah State Bar. Pursuant to these findings the Board of Commissioners of the Utah State Bar, on December 3,

1942, recommended that the Supreme Court order Norton suspended from the practice of law in this state for a period of one year and that he pay the costs of those proceedings.

From the evidence the following facts are established beyond any doubt: That the case of Papadopolas v. D. Frabrizio was tried in the District Court of Salt Lake County before the Honorable P. C. Evans and on April 21, 1941, judgment was entered in favor of the plaintiff and against the defendant therein; that at that trial there was introduced and received in evidence a contract between the defendant and Salt Lake County, which was marked as Exhibit 1 and was placed in an envelope which was marked for that purpose and kept among the exhibits of that case in the County Clerk's office; that on May 2, 1941, the defendant was in court on an order to show cause why he should not be punished for contempt of court in failing to obey the order of the court in said judgment, that upon the hearing on that order, the defendant, through his counsel, Mr. Norton, offered in evidence a deed of Salt Lake County, the same being marked Exhibit 1, but the court refused to receive it in evidence. The defendant appealed from the original judgment to this court and Mr. Norton appeared for him in all the proceedings in that matter herein referred to and acted as his counsel and as such ordered the bill of exceptions on appeal which he filed with the clerk of this court; that immediately thereafter Norton withdrew the bill of exceptions from the clerk of this court and kept it in his possession until he turned it over to the plaintiff's attorneys which was after he had prepared his brief on appeal.

Mr. Norton represented in his brief on appeal that the Exhibit 1, the deed from Salt Lake County, which the court had refused to admit in evidence at the hearing on the order to show cause, had been received in evidence, and said that the facts thereby disclosed were undisputed and were determinative of the whole case. It was found on checking the bill of exceptions that the envelope which originally contained the Exhibit 1, received in evidence on the trial of the case, did not contain that Exhibit 1, but did contain the

Exhibit 1, offered but not admitted on the hearing on the order to show cause, and that the exhibit sheet kept by the clerk showing a list of the exhibits produced at the hearing on the order to show cause was made a part of the bill of exceptions. In this exhibit sheet the "Deed from Salt Lake County," was listed under the heading of "Defendant's Exhibits" as "1," and immediately to the left thereof in a column under the heading "Remarks," the paper showed unmistakable signs that some words written in red indelible pencil had been erased.

The clerk who made that exhibit sheet testified on the hearing before the disciplinary committee that at the time of the hearing on the order to show cause he wrote the words "Offered and Refused" and that those words had since been erased; that he did not erase them and did not know who did, but the last time he saw the exhibit sheet before the bill of exceptions was prepared, those words were there. The prosecution called every available person into whose hands this exhibit sheet could be traced except Mr. Norton, and each one testified positively that he or she had not erased those words.

The prosecution proved by the reporter who took the testimony adduced at the hearing on the order to show cause, that after that hearing and before the bill of exceptions had been certified, that at Norton's request she read to him her notes on the proceedings at the time this Exhibit 1 was offered in evdence and the court's statement refusing to receive it in evidence.

Norton did not testify at the hearing before the disciplinary committee. He had been confronted with this evidence in a hearing before the Supreme Court, and in the hearing before the disciplinary committee; in the former hearing he merely said counsel must be mistaken, and in the latter he did not testify but argued the case making no direct reference to the evidence but contending that this was a scheme to beat his client who was an alien enemy, being an Italian, in favor of a Greek, whose country is allied with us in this war. We have searched this record in vain for any positive

statement by him that he did not make that erasure, or for that matter that he did not intentionally attempt to deceive this court.

He is charged with intentionally representing to the Supreme Court that Exhibit 1, which was offered and refused at the hearing on the order to show cause, had been admitted in evidence, knowing that said exhibit had ■ not been received in evidence. In other words, he is charged with an attempt to deceive this court. The evidence to our minds excludes every reasonable hypothesis other than that he is guilty as charged.

The Revised Rules of Professional Conduct adopted by this court provide as follows:

Rule 2, Section 21, Paragraph 4:

"It is the duty of an attorney and counselor to employ for the purpose of maintaining the causes confided to him, such means only as are consistent with truth and never to seek to mislead the judges by any artifice or false statement of fact or law."

Rule 2, Section 22, Paragraph 5:

"An attorney or counselor shall not take part in deceit or collusion, or consent thereto with intent to deceive a court or judge or a party to an action or proceeding."

Rule 2, Section 24:

"An attorney and counselor may be disbarred, suspended, or reprimanded for violation of any of the foregoing rules and canons, * * *."

The substance of these rules have been enacted in what is now Sections 6-0-25 (4) and 6-0-30, R. S. U. 1943.

Section 6-0-25 (4) reads as follows:

"It is the duty of an attorney and counselor:  * * *

"(4) To employ for the purposes of maintaining the causes confided to him such means only as are consistent with truth, and never to seek to mislead the judges by any artifice or false statement of fact or law."

Section 6-0-30 reads:

"An attorney and counselor who is guilty of deceit or collusion, or who consents thereto, with intent to deceive a court or judge or a party to an action or proceeding is liable to be disbarred, and shall forfeit to the injured party treble damages to be recovered in a civil action."

It is clear that Mr. Norton is guilty of violating these rules and statutes and is therefore subject to suspension from the practice of law as recommended by the Board of Commissioners. The only extenuating circumstances about the whole case are the facts that he did not succeed in misleading or deceiving the court, and that it is hard to understand how he could have reasonably expected to succeed as long as opposing counsel were alive and possessed with sound memories. But neither the fact that he did not succeed and therefore no one was hurt, nor the fact that his plan was unlikely to succeed, reflect credit to him. While we regret deeply the necessity of punishing a fellow member of the profession, we believe that the punishment recommended is not too severe for the offense committed, and in the interest of the bar and the public it should be followed.

It is therefore ordered that Mr. C. E. Norton be suspended from the practice of law in the State of Utah for a period of one year from the date of the issuance of the remittitur herein and until he is reinstated upon recommendation of the Board of Commissioners of the Utah State Bar, and that he pay to the Utah State Bar all costs expended by it in the prosecution of the charges against him.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

MOFFAT, J., participated in the hearing but died before the publication of the opinion.