**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFERSON E. LECATES,

      Plaintiff-Appellant,

v.

RONALD BARKER; RICHARD A.
ISAACSON; JEAN ISAACSON,

      Defendants-Appellees.

No. 00-4026
(D.C. No. 99-CV-220)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA**, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Jefferson E. LeCates appeals from the district court's order dismissing his complaint against the defendants. The district court dismissed LeCates' claims for malicious prosecution, legal malpractice and abuse of process for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). It dismissed without prejudice [1] his claim for fraud on the basis that he failed to comply with the pleading requirements of Fed. R. Civ. P. 9(b). We now determine that the Rooker-Feldman doctrine bars all of LeCates' claims, with the exception of his claims for malpractice and abuse of process. Accordingly, we vacate the 12(b)(6) dismissal of those claims barred by Rooker-Feldman and remand with instructions to dismiss them for lack of subject matter jurisdiction. We affirm the dismissal of the claims for malpractice and abuse of process.

---

[1] Defendants argue that the order dismissing LeCates' fraud claim without prejudice was not a final order for purposes of appeal. Where a district court intends to dismiss an entire action rather than merely dismissing a complaint, the order of dismissal is final and appealable even if entered without prejudice. See Mobley v. McCormick, 40 F.3d 337, 339-40 (10th Cir. 1994); see also United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n.1 (1949); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.6 at 533-35 (2d ed. 1992). Here, as will be seen, regardless of its intent the district court had no jurisdiction to do anything with the fraud claim other than to dismiss it for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. We therefore have jurisdiction to consider this appeal.

FACTS

This suit arises out of a flurry of litigation between the parties in the Utah state courts. Kent S. Walker, LeCates' client, claimed to have relied to his detriment on certain promises or fraudulent misrepresentations made to him by defendants Richard A. Isaacson and Jean Isaacson (the "Isaacsons") and/or their corporation, Specialized Planning and Insurance, Inc. d/b/a Specialized Planning and Insurance Services, Inc. ("SPIS").

The parties filed three suits in rapid succession in Utah state court. The first was a suit by the Isaacsons against Boyd Corbett, Walker's son-in-law, seeking to remove a lien Corbett had placed on their home. LeCates sought but was denied leave to intervene on behalf of Walker in that suit. Walker and the Isaacsons filed the second and third suits against each other to adjudicate Walker's entitlement to unearned commissions.

On September 11, 1993, LeCates filed a motion to withdraw from each of these two cases. His motion was granted. Over one year later, in December 1994, the Isaacsons filed the fourth state court action involved here, a complaint against LeCates seeking damages against him for his conduct in the prior litigation under Utah Rule Civ. P. 11 and various other theories. When LeCates failed to respond, the state district court entered default judgment against him in the amount of $166,343.86.

Although he believed the default judgment had been procured by fraudulent misrepresentations to the Utah court, LeCates did not move to set aside the default judgment. Instead, he filed this suit in the Southern District of Florida, seeking damages from the defendants for violation of Utah Code Ann. § 78-51-31, and for malicious prosecution, fraud, abuse of process and legal malpractice. LeCates' complaint charged that the Isaacsons had obtained the default judgment against him by fraud and deceit in collusion with Barker. He also complained that the defendants had attempted to collect the judgment, knowing that it was obtained by fraud and deceit, and that they were harassing him through their collection activities.

## DISCUSSION

The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). [2] Because it is a jurisdictional doctrine, we must consider whether

---

[2] Although the default judgment here was entered by a state district court, it may still be precluded by Rooker-Feldman, because the doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997).

Rooker-Feldman bars any of LeCates' claims before addressing any of the

arguments he raises on the merits. See Long v. Shorebank Dev. Corp., 182 F.3d

548, 554-55 (7th Cir. 1999).

### A. Fraud claim

In his fraud claim, LeCates does not request that his default in Utah state

court be set aside or that the judgment against him be overturned. Instead, he

seeks damages from the defendants for their conduct in procuring the allegedly

fraudulent judgment against him. Rooker-Feldman bars not only cases seeking

direct view of state court judgments, however; it also bars cases that are

"inextricably intertwined" with a prior state court judgment. See Feldman,

460 U.S. at 482 n.16.

If adjudication of a claim in federal court would require the court to

determine that a state court judgment was erroneously entered or was void, the

claim is inextricably intertwined with the merits of the state court judgment.

See, e.g., Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997).

That is the case here. In order to grant LeCates relief on his fraud claim, it would

be necessary to determine that the Utah state court default judgment was

fraudulently obtained and therefore void. We therefore conclude that the fraud

claim is barred by the Rooker-Feldman doctrine.

B. Deceit and collusion

Section 78-51-31 of the Utah Code provides that "[a]n attorney and counselor who is guilty of deceit or collusion, or who consents thereto, with intent to deceive a court or judge or a party to an action or proceeding is liable to be disbarred, and shall forfeit to the injured party treble damages to be recovered in a civil action." LeCates has included a claim for treble damages under this statute in his complaint.

Application of Rooker-Feldman to this claim is complicated by the fact that the disciplinary provisions of the statute may apply even if the court has not been deceived. See In re Norton, 146 P.2d 899, 900-01 (Utah 1944). In other words, it would be possible for a court to determine that an attorney violated this section without calling the resulting state court judgment into question.

Norton, however, concerned the disciplinary remedy, not the damages remedy, provided in the statute. LeCates seeks treble damages based on the amount of the judgment entered against him. In order to prove his treble damages claim, he will have to prove that the judgment was entered by fraudulent means (deceit and collusion), thus calling into question the validity of the default judgment. The only support for damages would be the default judgment, and the only support for a finding of liability would be events that were or should have been contested in the Utah state court proceedings which resulted in the default

-6-

judgment. LeCates' argument that he does not seek to set aside the judgment itself, only damages for its wrongful entry, is unavailing.

C. Malpractice claim

LeCates' complaint includes a claim against Ronald Barker, opposing counsel in the Utah state court actions, for legal malpractice. Malpractice claims, when brought against an attorney who was not a party to the state court proceeding, may lie outside the scope of Rooker-Feldman. See Kamilewicz v. Bank of Boston Corp., 100 F.3d 1348, 1351-52 (7th Cir. 1996) (Easterbrook, J., dissenting from the denial of rehearing en banc). LeCates argues that his claim can be construed to attack the actions of attorney Barker in obtaining the default judgment, not the default judgment itself. To the extent that it can be construed to avoid Rooker-Feldman, however, the claim fails because Utah law does not recognize a cause of action for legal malpractice against opposing counsel.

The elements of a cause of action for legal malpractice in Utah include "an attorney-client relationship" and "duty of the attorney to the client arising from their relationship." Glencore, Ltd. v. Ince, 972 P.2d 376, 379 (Utah 1998). While Utah has acknowledged the modern trend toward relaxing the privity requirement and recognizing a cause of action by nonparties affected by a lawyer's failure to exercise reasonable care, its cases suggest that such a third party cause of action arises only where there is at least a nonadversarial relationship between the

attorney and the third party. See Oxendine v. Overturf, 973 P.2d 417, 421 (Utah 1999) (requiring that third party be an intended beneficiary of the attorney-client relationship); Atkinson v. IHC Hosp., Inc., 798 P.2d 733,736 (Utah 1990) (stating that any duty attorney owes to third party is derivative of his duty to client, and not owed to adversary in litigation). LeCates has pled no such relationship here; his legal malpractice claim therefore fails as a matter of law.

D. Malicious prosecution/abuse of process

LeCates concedes that his malicious prosecution claim may be barred by Rooker-Feldman. This claim cannot be determined without an outcome in state court favorable to LeCates. Any attempt by a federal court to anticipate such an outcome would require the court to determine that the state court judgment was erroneously entered or void, thus running afoul of Rooker-Feldman.

The abuse of process claim is more difficult, because it is ambiguously worded. To the extent LeCates raises an abuse of process claim targeting the fraudulent means used to obtain the default judgment, his allegations call the default judgment into question and therefore violate Rooker-Feldman.

At times, however, LeCates' complaint appears to assert that Barker's methods in collecting the default judgment constituted an abuse of process. Such a claim might not run afoul of Rooker-Feldman, because it targets the collection process rather than the underlying judgment. Even if this is so, however, LeCates

-8-

has failed to satisfy the rigorous standard applicable to an abuse of process claim under Utah law: that the process was used against him primarily to accomplish a purpose for which it was not designed.     See Gilbert v. Ince , 981 P.2d 841, 845 (Utah 1999).  Therefore, the 12(b)(6) dismissal of this claim was appropriate.

We AFFIRM the dismissal of LeCates' claims for malpractice and abuse of process.  We VACATE the dismissal of his claims for fraud, deceit and collusion pursuant to Utah Code § 78-51-31, legal malpractice, and malicious prosecution, and REMAND with instructions to dismiss these claims for lack of subject matter jurisdiction.

Entered for the Court


Deanell Reece Tacha
Circuit Judge